## WALTER DICKINSON v. W. J. CARROLL.

(— L.R.A. (N.S.) —, 130 N. W. 829.)

**Negotiable Instruments — Gift of Note — Bond Purchaser.**

    Plaintiff voluntarily, and with full knowledge that he owed nothing to
defendant, executed and delivered to him his negotiable promissory note, which
the latter sold and transferred to a bona fide purchaser for value and without
notice of any defense. Plaintiff, being compelled to pay such note, brought
this action to recover from defendant the amount thus paid.

    *Held*, that no cause of action exists.

Opinion filed March 9, 1911.

Appeal from District Court, Ward county; *E. B. Goss*, J.

Action by Walter Dickinson against W. J. Carroll. Judgment for
plaintiff, and defendant appeals.

Reversed and remanded.

*Palda, Aaker, Green, & Kelso,* for appellant.

A voluntary payment, with free knowledge of all the facts, cannot
be recovered, and payments are voluntary except where the payer was in
immediate danger of injury to property or person, even though pay-
ment is made under protest. Scott v. Ford, 45 Or. 531, 68 L.R.A. 469,
78 Pac. 742, 80 Pac. 899; Wessell v. D. S. B. Johnson Land & Mortg.
Co. 3 N. D. 160, 44 Am. St. Rep. 529, 54 N. W. 922; Lamborn v.
Dickinson County, 97 U. S. 181, 24 L. ed. 926; Powell v. St. Croix
County, 46 Wis. 210, 50 N. W. 1013; Gerecke v. Campbell, 24 Neb.
306, 38 N. W. 847; Cummings Harvester Co. v. Sigerson, 63 Kan.
340, 65 Pac. 639; Little v. Bowers, 134 U. S. 547, 33 L. ed. 1016,
10 Sup. Ct. Rep. 620; Union P. R. Co. v. Dodge County, 98 U. S.
541, 25 L. ed. 196; Selby v. United States, 47 Fed. 800; Gould v.
McFall, 118 Pa. 455, 4 Am. St. Rep. 606, 12 Atl. 336; Pepperday v.

Citizens' Nat. Bank, 183 Pa. 519, 39 L.R.A. 529, 63 Am. St. Rep. 769, 38 Atl. 1030; New Orleans & N. E. R. Co. v. Louisiana Constr. & Improv. Co. 109 La. 13, 94 Am. St. Rep. 395, 33 So. 51; United States v. Edmonston, 181 U. S. 500, 45 L. ed. 971, 21 Sup. Ct. Rep. 718; Laidlaw v. Detroit, 110 Mich. 1, 67 N. W. 967; Francis v. Hurd, 113 Mich. 250, 71 N. W. 582; Lathrope v. McBride, 31 Neb. 289, 47 N. W. 922; Flack v. National Bank, 8 Utah, 193, 17 L.R.A. 583, 30 Pac. 746; Mayer v. Hoffman, 67 Wis. 279, 30 N. W. 355; Redmond v. New York, 125 N. Y. 632, 26 N. E. 727.

Acceptance of renewal note in place of an old one pays the latter. Citizens' Commercial & Sav. Bank v. Platt, 135 Mich. 267, 97 N. W. 694; Stanley v. McElrath, 86 Cal. 449, 10 L.R.A. 545, 25 Pac. 16; Ellis v. Ballou, 129 Mich. 303, 88 N. W. 898.

*Blaisdell, Bird, & Blaisdell,* for respondent.

A consideration is a benefit to the promisor or a detriment to the promisee. 9 Cyc. Law & Proc. pp. 308, 316, 336.

Settlement knowingly of an unfounded claim is no consideration for repayment. McGlynn v. Scott, 4 N. D. 18, 58 N. W. 460; Rudolph v. Hewitt, 11 S. D. 646, 80 N. W. 133; Taylor v. Weeks, 129 Mich. 233, 88 N. W. 466.

For conversion of bills and notes, measure of damages is, prima facie, the face of the note. 26 Am. & Eng. Enc. Law, p. 845, also see note 1 on same page; Metropolitan Elev. R. Co. v. Kneeland, 120 N. Y. 134, 8 L.R.A. 253, 17 Am. St. Rep. 619, 24 N. E. 381.

Where one is compelled to pay money by another's act, for which he would not be liable but for such act, he can recover. Edmunds v. Deppen, 97 Ky. 661, 31 S. W. 468; 27 Cyc. Law & Proc. p. 840 (subd. A under III. Defenses) and cases cited in note; 27 Cyc. Law & Proc. p. 836 (under heading D), and cases cited in note.

From an order overruling a demurrer to the complaint, defendant appeals. The complaint is as follows:

"(1) That on or about the 4th day of April, 1906, for value received, this plaintiff executed and delivered to the Blaisdell-Bird Company, a corporation, his certain promissory notes payable to the Blaisdell-Bird Company or order, one for $100 due November 1, 1907, and one for $180 due November 1, 1908, said notes bearing interest at the rate of 10 per cent per annum. That at said time and place he also

executed and delivered to Grace Cochrane his two certain promissory notes, payable to Grace Cochrane or order, one for $200 due November 1, 1906, and one for $100 due November 1, 1907, said notes bearing interest at the rate of 10 per cent per annum.

"(2) That on or about November 26, 1906, this plaintiff paid one John W. Cochrane $200, same to apply on his indebtedness to the said Grace Cochrane, and the said John W. Cochrane, having possession of the said note in favor of the said Grace Cochrane for $200, returned the same to this plaintiff; and that thereupon the total indebtedness of this plaintiff to the said Grace Cochrane was $100, and his total indebtedness to said the Blaisdell-Bird Company, $280. That thereupon this plaintiff executed and delivered to the said John W. Cochrane his certain promissory note, dated November 26, 1906, due November 1, 1907, payable to the said John W. Cochrane or order for $380, and interest at the rate of 10 per cent per annum, said note representing this plaintiff's total indebtedness to said Grace Cochrane and said the Blaisdell-Bird Company, and said John W. Cochrane, thereupon having possession of the said notes in favor of said the Blaisdell-Bird Company, but which had not been transferred by said the Blaisdell-Bird Company, returned same to this plaintiff. That this plaintiff at said time believed that the said John W. Cochrane had authority to return said notes in favor of the Blaisdell-Bird Company and take in settlement thereof the note payable to himself hereinbefore mentioned. That said John W. Cochrane, in fact, had no authority to do such act, and the same was done without the knowledge or consent of the Blaisdell-Bird Company.

"(3) That subsequently the said John W. Cochrane transferred the said note for $380 to the said Grace Cochrane, receiving no consideration therefor except that she owned an interest in said note to the extent of $100. That the said Grace Cochrane, being indebted to one T. E. Fox, as security transferred the said note for $380 to said T. E. Fox. That some time about the fall of 1907, this plaintiff learned, and was informed by the Blaisdell-Bird Company, that the said John W. Cochrane had no authority to deliver the said notes in its favor and take in settlement thereof the note payable to himself, and that the Blaisdell-Bird Company was the owner of an interest in said note to the extent of $280 and interest, or the indebtedness thereby repre-

sented, and that the said notes in favor of the Blaisdell-Bird Company executed by this plaintiff on April 4, 1906, were still unpaid and a good claim against this plaintiff.

"(4) That on or about February 6, 1908, this plaintiff paid to the said T. E. Fox the sum of $146, which was the total indebtedness of the said Grace Cochrane to the said T. E. Fox, and also was the total amount of the interest in said note for $380 owned by the said Grace Cochrane, and the entire balance of indebtedness from this plaintiff to said Grace Cochrane, including interest on the two original notes from date to payment. Thereupon the said T. E. Fox returned to the said Grace Cochrane the said note for $380. That subsequently the said Grace Cochrane returned said note for $380 to the said John W. Cochrane, her entire interest in the same having been paid, and that the balance of said note for $380 was entirely without consideration. That $280 thereof, or the indebtedness represented thereby, was the property of the Blaisdell-Bird Company, and the Blaisdell-Bird Company had the sole right to release the same.

"(5) That some time in the spring or middle part of the year 1908 the said John W. Cochrane transferred the said note for $380 to this defendant, said transfer taking place long after the maturity of said note and long after this plaintiff had been apprised of the facts hereinbefore set forth. That about the latter part of July or the first part of August, 1908, this defendant was informed of the facts hereinbefore set forth, and had full knowledge that he was not the owner of said note for $380 or the indebtedness represented thereby. That he could not release the same, and that he could not legally enforce a collection thereof. That with full knowledge of said facts, and without the right or authority to release the balance of said note for $380 or the indebtedness represented thereby, he went to this plaintiff and returned to him said note for $380, taking in settlement thereof this plaintiff's promissory note, dated August 6, 1908, payable to this defendant or order, for $290.08 due October 1, 1908, bearing interest at rate of 12 per cent per annum. That the said note in favor of this defendant was entirely without consideration. That this defendant was not the owner thereof or the indebtedness thereby represented, and had no right to transfer same.

"(6) That subsequently this plaintiff was compelled to and did

settle with the Blaisdell-Bird Company in full his indebtedness to it, paying in full the notes in favor of the Blaisdell-Bird Company, described in paragraph 1 hereof.

"(7) That, before the maturity of said note in favor of this defendant, this defendant in the usual course of business indorsed and transferred the said note for value to the Second National Bank at Minot, a corporation, the said Second National Bank purchased the said note for value before maturity, and without any knowledge of the facts hereinbefore set forth, or any knowledge that the said note was without consideration or in any way void or defective, or any knowledge that said defendant was not the owner of said note or the indebtedness thereby represented, or any knowledge that he had no right to transfer same. That by reason of the facts hereinbefore set forth, and that the said Second National Bank was a bona fide purchaser before maturity, in the usual course of business, for value, of the said note in favor of this defendant, this plaintiff was compelled to pay said note to said Second National Bank of Minot, and on or about the 29th day of October, 1908, did pay said note, amounting with interest to $297.80, to the said Second National Bank, paying in cash $7.80, and the balance in his note for $290 due October 1, 1909, with interest at 12 per cent per annum, payable to the said bank or order.

"(8) That by reason of the facts hereinbefore set forth this plaintiff has been damaged in the sum of $297.80, with interest thereon at the rate of 12 per cent per annum from October 29, 1909.

"Wherefore this plaintiff demands judgment against this defendant for the sum of $297.80, with interest thereon at the rate of 12 per cent per annum from and since October 29, 1908, besides his costs and disbursements herein."

The sole ground of the demurrer is that the complaint fails to state facts sufficient to constitute a cause of action. Order reversed.

FISK, J. The allegations of the complaint, admitted by the demurrer, may be epitomized as follows: Plaintiff voluntarily, and with full knowledge of the facts, executed and delivered to defendant his negotiable promissory note, without consideration; and the latter, with such knowledge, accepted the same. Thereafter and before its maturity defendant transferred the same in due course and for value to an in-

nocent purchaser, to whom plaintiff was obliged to and did pay the sum due thereon. Do such facts create any liability on defendant's part, under any theory of law, to reimburse plaintiff for the money which he was thus required to pay? The question thus presented is somewhat novel. Neither party has cited any authority directly in point, and we have been unable to find that the identical question has ever been before the courts for decision. As we view the matter it is not a question involving a voluntary payment, as appellant's counsel seem to think, although somewhat analogous thereto. While the note was voluntarily given, it paid nothing, as there was concededly nothing to pay. It merely amounted to a voluntary promise on plaintiff's part to pay to defendant or order, a sum of money at a future date. Such note was not voluntarily paid by plaintiff. He was compelled to pay it to such bona fide purchaser because of a legal duty so to do, arising from the negotiable instrument law. On principle, we can discover no sound reason why defendant is under any obligation to plaintiff to reimburse him for the sum thus paid on such note. If, instead of voluntarily giving to defendant such negotiable note, plaintiff had given to defendant the face value thereof in cash, under the like circumstances, none would contend that defendant would owe any legal duty to repay such sum to plaintiff. The act of defendant in transferring such note cannot be deemed an actionable wrong, as by the giving of the note negotiable in form it must be held that plaintiff contemplated that the same might be negotiated, and thereby consented thereto. As was said by the court of appeals of New York: "The plaintiff cannot complain because the defendants negotiated the note, so as to shut out the defense, which he would have had to it in the hands of the defendants. The negotiation of the note was contemplated when it was given as the words of negotiability show. It is possible that the plaintiff, while the note was held by the defendants, might have maintained an action to restrain the transfer, and to compel its cancelation. Jackman v. Mitchell, 13 Ves. Jr. 581, 9 Revised Rep. 229, 12 Eng. Rul. Cas. 321. But it is unnecessary to determine that question in this case. The plaintiff having paid the note, although under the coercion resulting from the transfer, the law leaves him where the transaction has left him." Solinger v. Earle, 82 N. Y. 393.

If, prior to the negotiation of such note by defendant, plaintiff had

elected to repudiate any liability thereunder and had communicated his election so to do to the defendant, demanding a return and cancelation thereof, a different question would arise. Under such a state of facts it might properly be said that the defendant's negotiation of the note would constitute an actionable wrong, entitling plaintiff to recover. But under the facts alleged in the complaint and admitted by the demurrer in the case at bar, we fail to see how defendant owes to plaintiff either a legal or moral duty in the premises. Neither in good morals nor in good conscience is defendant called upon to reimburse plaintiff for the loss suffered by him solely as a result of his own folly.

On the argument in this court respondent's counsel requested that permission to amend the complaint be given in the event a decision is reached adverse to his contention. Such application must, of course, be addressed to the district court after the remittitur has been filed in that court. Permission to make such application is hereby granted.

For the above reasons the order appealed from is reversed and the cause remanded for further proceedings according to law.

All concur, except MORGAN, Ch. J., not participating.

Mr. Justice Goss, being disqualified, did not sit, WINCHESTER, J., of the sixth judicial district, acting in his place by request.